UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**BRADLEY DONALD HICKS**     **PLAINTIFF**

v.     **CIVIL ACTION NO. 5:20CV-P81-TBR**

**STEVE WILLIAMS** *et al.*     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Bradley Donald Hicks filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

### I. SUMMARY OF COMPLAINT

Plaintiff is a convicted inmate at the Fulton County Jail (FCJ). He sues the following Defendants in their official capacities only: Steven Williams, the FCJ Jailer; Randy White, Commissioner of the Kentucky Department of Corrections (KDOC); Dr. Richard Wilson, a doctor at FCJ; and Sarah G. Johnson, a "[Substance Abuse Program] S.A.P. Division Director" with the KDOC. He also sues Kelli Elliot, the "S.A.P. Director" for FCJ, in both her individual and official capacities.

Plaintiff states that he has "severe hearing loss" and has a 95-percent hearing loss in his right ear and 85-percent loss in his left ear. He reports that while he was housed in Roederer Correctional Complex in February of 2019 he saw Medical and was issued a hearing aid. He states, "I was also given a pamphlet that informed me about the federal lawsuit settlement concerning [KDOC] and deaf/hard of hearing inmates like me. . . . I am told its called the Adams settlement." He maintains the settlement was "controlled by the Americans with Disabilities Act." Plaintiff states that he was told that he would attend a substance abuse program "at a

prison because of hearing issues." Plaintiff asserts, "I was told during my classification that even though I have minimum Level 1 community custody I would be restricted from county jails over my hearing issues and needs."

According to the complaint, Plaintiff was transferred to FCJ to attend a substance abuse program on November 25, 2019.  He states, "I informed medical that my hearing aid had just broken and from that point on it has been very hard for me here.  I was given 1 new hearing aid for my left ear that is the best quality hearing aid I have ever had."  He continues, "I am grateful to Jailer Steve Williams for it.  However even if he had bought me one for each ear there is only so much a hearing aid can do for a man with 95% hearing loss."  He also states that the FCJ doctor "was able to get my hearing aid for my right ear fixed somewhat as a curtesy and when both are linked and working it's as good as it can get for me.  However that still is not like a regular person."  Plaintiff maintains that he "can hear within about 10 ft of myself if there is not a lot of background noise."  Plaintiff states that he was told by a FCJ corrections officer that "when the batteries I had brought with me ran out for the hearing aid that this jail did not buy this jail would not buy me more period."  He states that the batteries are not sold in the canteen and that his family cannot send them to him.

Plaintiff reports that he is in a substance abuse program at FCJ.  He states, "Its normally taught in a 80 ft by 80 ft room with 120 inmates.  I have been in S.A.P. for 3 months and until we were quaranteened in a 20 man cell I was not able to hear 90% of lessons."  He continues, "I was terminated from S.A.P. before this time on 1-6-20 over a argument I had with a nurse over my batteries being dead for 4 full days for the second time and neglected to bring me new ones.  I am back in S.A.P. now and still can not hear."

Plaintiff states that he has made many requests and filed many grievances about his hearing issues and has been "denied everything."  He asserts, "I am discriminated against."  He

maintains that he has been treated as a "troublemaker" and an "enemy of this jail." He states, "I am being singled out here and I feel I am a target." He also states, "The hearing aid this jail did buy me is now acting up and I was told by medical that Jailer Steve Williams is who is handling all my hearing issues personally." Plaintiff states that he has made written requests to Defendant Williams but has been ignored. He also states, "It's of course not just S.A.P. its all issues concerning my hearing. I am billed 25$ each and every single time I see the nurse." He maintains, "This jail is not prepared or equipped to handle a person with my level of hearing loss or needs. It does seem unfair to burden a county jail with the significant expenses to provide me with the obligations I need."

Plaintiff further states, "If this Court ordered this Jail today to get in compliance and grant me all I am asking for in the lawsuit settlement I would most likely be served out or be at my next parole hearing in May 2021." He continues, "I am asking instead for this court to issue a order directing Ky D.O.C. to transfer me to any place that is already in compliance with the settlement now." He asserts, "I am asking for no cash award but only the civil right not to be treated as the enemy over the chance my issues will cost money for this jail."

As relief, Plaintiff requests that the Court order that he be "moved to jail or prison that meets the obligations of settlement between Ky D.O.C. and deaf/hard hearing inmates."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

The Court construes the complaint as alleging claims for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, and for violation of the Americans with Disabilities Act and seeking injunctive relief only.

**A. Defendants Williams, Elliott, and Wilson**

Plaintiff sues Defendant Elliott in her individual and official capacities and sues Defendants Williams and Wilson in their official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants Williams, Elliott, and Wilson

4

are each an official or employee of Fulton County. Therefore, the claims brought against them in their official capacities are construed as brought against Fulton County.

Upon review, the Court will allow Plaintiff's claims to proceed against Defendant Elliott in her individual and official capacities for injunctive relief. Because the official-capacity claims are actually brought against the county, the official-capacity claims against Defendants Williams and Wilson will be dismissed as redundant to the continuing claims against Defendant Elliott in her official capacity. *See Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002).

## B. Defendants White and Johnson

Plaintiff sues Defendants White and Johnson in their official capacities only. Defendants White and Johnson are officials or employees of the Commonwealth of Kentucky. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166.

Upon review, the Court will allow Plaintiff's claims to proceed against Defendants White and Johnson in their official capacities for injunctive relief.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS FURTHER ORDERED** that the official-capacity claims against Defendants Williams and Wilson are **DISMISSED** as redundant to the continuing claim against Defendant Elliott in her official capacity.

The **Clerk of Court is further DIRECTED to terminate Defendants Williams and Wilson** as no claims remain against these Defendants.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to continue. In allowing the claims to proceed, the Court passes no judgment on their outcome or ultimate merit.

Date: November 3, 2020

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge
United States District Court**

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
 Fulton County Attorney
4413.010