BRADLEY DONALD HICKS,  PLAINTIFF

v.

STEVE WILLIAMS *et al.*,  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Kelli Elliott's Motion for Summary Judgment, [DN 17], and Defendants Randy White and Sarah Johnson's Motion to Dismiss, [DN 20]. Both motions have been fully briefed by the parties and this matter is ripe for adjudication. For the reasons stated herein, Defendant Kelli Elliott's Motion for Summary Judgment, [DN 17], is **GRANTED**, and Defendants Randy White and Sarah Johnson's Motion to Dismiss, [DN 20], is **GRANTED**.

**BACKGROUND**

Plaintiff is a convicted inmate who currently resides at the Daviess County Detention Center, [DN 17-1], but the allegations in his Complaint arose during the time he was incarcerated at the Fulton County Detention Center. Plaintiff states that he suffers from a serious hearing impairment and has 95-percent hearing loss in his right ear and 85-percent hearing loss in his left ear. [DN 1 at 40]. He reports that while he was housed at Roederer Correctional Complex in

February 2019, he saw medical and was issued a hearing aid. *Id.* He states, "I was also given a pamphlet that informed me about the federal lawsuit settlement concerning [KDOC] and deaf/hard of hearing inmates like me . . . I am told it is called the Adams settlement." *Id.* He maintains the settlement was "controlled by the Americans with Disabilities Act." [*Id.* at 41]. Plaintiff states that he was told he would attend a substance abuse program "at a prison because of my hearing issues." *Id.* Plaintiff asserts, "I was told during my classification that even though I have minimum Level I community custody I would be restricted from county jails over my hearing issues." *Id.*

According to the complaint, Plaintiff was transferred to Fulton County Detention Center to attend a substance abuse program on November 25, 2019. After Plaintiff arrived at Fulton County Detention Center, he states, "I informed medical that my hearing aid had just broken and from that point on it has been very hard for me to he[ar]. I was given a new hearing aid for my left ear that is the best quality aid I have ever had." He continues, "I am grateful to Jailer Steve Williams for it. However, even if he had bought me one for each ear there is only so much a hearing aid can do for a man with 95-percent hearing loss." *Id.* Plaintiff also states that the Fulton County Detention Center doctor "was able to get my hearing aid for my right ear fixed somewhat as a curtesy and when both are linked and working it is as good at it can get for me. However, that is still not like a regular person." Plaintiff maintains that he "can hear within about 10 feet of myself if there is not a lot of background noise." [*Id.* at 41–42]. Plaintiff contends that he was told by a Fulton County Detention Center corrections officer that "when the batteries I had brought with me ran out for the hearing aid that this jail did not buy this jail would not buy me more period." [*Id.* at 42]. He also states that batteries are not sold in the canteen and that his family cannot send them to him.

Plaintiff reports that he is in a substance abuse program at Fulton County Detention Center. He states, "It is normally taught in an 80 ft by 80 ft room with 120 inmates. I have been in S.A.P. for 3 months and until we were quarantined in a 20-man cell I was not able to hear 90 percent of lessons. I was terminated from S.A.P. before this time on January 6, 2020 over an argument I had with a nurse over my batteries being dead for four full days for the second time and neglected to bring me new ones. I am back in S.A.P. now and still cannot hear." *Id.* Plaintiff states that he made five requests between November 25, 2019 and January 6, 2020 to speak with Defendant Kelli Elliot about his hearing issues, but when he was finally seen on January 6, he was terminated from the S.A.P. program. *Id.* Plaintiff alleges he filed numerous grievances with Fulton County Detention Center requesting that Fulton County Detention Center comply with the terms of the Consent Judgment and Settlement Agreement that were entered in *Michael Knights and Oscar Adams v. Commonwealth of Kentucky*, Case no. 3:14-cv-00001-GFVT (E.D. Ky. 2015), a class action settlement concerning hearing impaired inmates. Plaintiff states that on May 4, 2020, after he filed his twenty-first grievance asking Fulton County Detention Center to provide Plaintiff with the obligations from the Settlement, he finally spoke with Defendant Elliot. [*Id.* at 43]. During this conversation, Plaintiff states he explained to Elliot that he could not function in county jail with his disability and he asked Elliot to request that Plaintiff be moved to a smaller S.A.P. program housed in a prison or jail that is in compliance with the federal settlement. *Id.* However, Plaintiff claims that his requests were ignored, and he was denied all obligations except for the one new hearing aid he received when he first arrived at Fulton County Detention Center. *Id.* Additionally, Plaintiff claims that after filing the grievance on May 4, "I am now being treated as an enemy of this Jail . . . I am being singled out here and I feel I am a target." *Id.*

It is undisputed that the only remedy Plaintiff seeks is for injunctive relief. Plaintiff requests that he be transferred to an institution that is already in compliance with and meets the obligations of the Settlement between Kentucky Department of Corrections and deaf/hard of hearing inmates. (Case No. 3:14-CV-00001-GFVT). [*Id.* at 44; DN 25 at 197]. It is undisputed that Plaintiff is no longer incarcerated at the Fulton County Detention Center. Plaintiff was transferred to Daviess County Detention Center on November 4, 2020 at 11:25 a.m. [DN 17-1 (Affidavit of Jailer Steven Williams)]. It is also undisputed that the Fulton County Detention Center is not a Kentucky Department of Corrections (KDOC) Adult Institution, thus it is not under the control of the KDOC. [DN 24 at 193].

In a previous memorandum opinion and order entered on November 3, 2020, this Court construed Plaintiff's complaint as alleging claims for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, and for Violation of the Americans with Disabilities Act and seeking injunctive relief only. [DN 10 at 55].

In his Complaint, Plaintiff sues the following Defendants in their official capacities only: Steven Williams, the Fulton County Detention Center Jailer; Dr. Richard Wilson, a doctor at Fulton County Detention Center; Randy White, Commissioner of the Kentucky Department of Corrections (KDOC); and Sarah G. Johnson, a "[Substance Abuse Program] S.A.P. Division Director" with the KDOC. He also sues Kelli Elliott, the "S.A.P. Director" for Fulton County Detention Center, in both her individual and official capacities. In its previous memorandum opinion and order, this Court dismissed the official-capacity claims against Defendants Williams and Wilson as redundant to the continuing claim against Defendant Elliot in her official capacity. [DN 10 at 56]. The Official capacity claims against Defendants White and Johnson (state

employees) are deemed as claims against the Commonwealth of Kentucky and the remaining official capacity claim against Defendant Elliot is construed as brought against Fulton County. *Id.*

Now, in response to Plaintiff's claims, Defendant Kelli Elliot brings the instant Motion for Summary Judgment, [DN 17], and Defendants Randy White and Sarah Johnson bring the instant Motion to Dismiss, [DN 20]. The Court will address each motion in turn below. Beginning with Defendant Elliot's Motion for Summary Judgment.

## DISCUSSION

### I. Motion for Summary Judgment

Defendant Elliot, S.A.P. Director for Fulton County Detention Center, filed a Motion for Summary Judgment on Plaintiff's § 1983 and ADA official capacity claims against her. [DN 17]. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment is appropriate when the evidence is "so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Althers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestle USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

"The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to overcome summary judgment. Id. The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied that burden, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Anderson*, 477 U.S. at 255. If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *Id.* at 250. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including the discovery and disclosure materials on file, and any affidavits or declarations. Fed. R. Civ. P. 56(c)(1).

Here, Defendant Elliot argues that once a prisoner is transferred from the prison of which he complains to another prison, his claims for declaratory and injunctive relief are rendered moot. *Id.* (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). Therefore, because Plaintiff was transferred from Fulton County Detention Center to Daviess County Detention Center on November 4, 2020, [DN 17-1 (Affidavit of Jailer Steve Williams)], Plaintiff's Complaint is now moot. [DN 17 at 82]. In response, Plaintiff argues that *Kensu v. Haigh* is distinguishable from the instant case because, unlike the plaintiff in *Kensu*, who alleged violations in one prison involving his legal mail, here "every hearing impaired state inmate that is currently housed in a county jail, rather than a traditional prison, is potentially impacted by this decision. . . . this is not an isolated issue concerning an inmate that, 'is no longer confined to the institution that searched his mail,'

like the one that counsel for defendant refers to in *Kensu*." [DN 23 at 147–48].[1] It seems as though by distinguishing *Kensu*, Plaintiff is attempting to reason that because *Kensu* does not apply to the facts of the instant case, Plaintiff's claim for injunctive relief should not be rendered moot just because Plaintiff was transferred from the defendant facility. However, the Court finds that Plaintiff has not clearly articulated this argument and it declines to speculate any further.

Plaintiff also argues that mootness is not an appropriate ground for dismissal of this case. In support of this argument, Plaintiff included a block quote from *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019), where the court discussed mootness in the context of voluntary cessation.[2] Yet, Plaintiff failed to provide any analysis or apply the facts of the instant case. Plaintiff also neglected to address the fact that unlike the rules Plaintiff cites to in *Sullivan*, the instant case does not involve *voluntary cessation* of a challenged practice. Instead, in this case, Plaintiff's claims for injunctive relief concern the conditions of his confinement—specifically, Fulton County Detention Center's alleged failure to comply with the terms of the Adams Settlement between KDOC and deaf/hard of hearing inmates and the requirements under the ADA.

---

[1] The "decision" Plaintiff refers to is Fulton County Detention Center and the KDOC's decision to interpret the plain language of the Settlement Agreement in a way that excludes application of the Settlement to Plaintiff and other hearing impaired state inmates who are "in the custody of the KDOC" but housed in county jail. [DN 23 at 148].

[2] The block quote cited by Plaintiff in his brief is as follows:
> A defendant's voluntary cessation of a challenged practice moots a case only in the "rare instance" where "subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008); Cleveland Branch, N.A.A.C.P., 263 F.3d at 530–31 (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). Defendants bear a "heavy" burden to demonstrate mootness in the context of voluntary cessation. *Akers v. McGinnis*, 352 F.3d 1030, 1035 (6th Cir. 2003). Still, this court has noted that "cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties." *Ammex, Inc. v. Cox*, 351 F.3d 697, 705 (6th Cir. 2003).

*Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019).

As such, the Court declines to accept Plaintiff's argument, and instead finds that mootness is an appropriate ground for dismissal in this case for the following reasons.

A case, or portion thereof, becomes moot when events occur which resolve the controversy underlying it. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). Generally, an inmate's release from prison or transfer to another prison moots his request for injunctive relief. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is "moot" and must be dismissed." *Sullivan*, 920 F.3d at 410 (quoting *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004)). "Ultimately, the 'test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties.'" *Id.* (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997)).

Here, Plaintiff only seeks injunctive relief: he requests to be transferred from Fulton County Detention Center to a KDOC facility that is in compliance with the recent Adams Settlement, *Adams v. KDOC*, Case no. 3:14-cv-00001-GFVT (E.D. Ky. 2015). The record reflects, however, that on November 4, 2020 at 11:45 a.m., Plaintiff was transferred from Fulton County Detention Center to Daviess County Detention Center. [DN 17 at 82; *see* DN 17-1 (Affidavit of Jailer Steve Williams)]. Regardless of whether this Settlement applies to the Fulton County Detention Center, once Plaintiff was transferred to a different facility on November 4, the Court was deprived of the ability to provide meaningful relief. Therefore, the Court finds that Plaintiff's § 1983 and ADA claims against Defendant Elliot for injunctive relief were rendered moot upon his transfer to Daviess County Detention Center. *See Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (inmate's claim for injunctive relief requesting transfer to a smoke-free housing

unit, based on alleged exposure to second-hand tobacco smoke, was rendered moot by inmate's transfer to a different facility*); Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (concluding in a case brought under 42 U.S.C. § 1983, RA, and ADA that prisoner's transfer mooted his request for injunctive and declaratory relief) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). Accordingly, the Court holds that Plaintiff's official capacity claims for injunctive relief against Defendant Elliot fail as a matter of law and Defendant Elliot is entitled to summary judgment on these claims.

**II. Motion to Dismiss**

Defendants Randy White, Commissioner of the KDOC, and Sarah G. Johnson, a S.A.P. Division Director with the KDOC, filed a Motion to Dismiss Plaintiff's § 1983 and ADA official capacity claims against them. [DN 20].

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1993)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S. at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79, 129 S.Ct. 1937)).

If events subsequent to the filing of a case resolve that particular dispute, the case should be dismissed as moot. *Loc. Union 369, Int'l Bhd. of Elec. Workers, AFL-CIO v. Courier J., Inc.*, No. 305-CV-836-R, 2007 WL 2344941, at *1 (W.D. Ky. Aug. 13, 2007) (citing *United States Parole Commn. v. Geraghty*, 445 U.S. 388, 397 (1980)).

In support of their Motion to Dismiss, Defendants assert the following arguments. First, that "Plaintiff's demand that the Court order DOC to transfer him from the Fulton County Jail to a DOC prison intrudes on the KDOC's ability to make decisions regarding the care and custody of its prisoner." [DN 2- at 93].[3] Second, that Plaintiff is not entitled to the relief requested per KRS § 532.100(4)(c)(1) which states:

> The provisions of KRS 500.080(5) notwithstanding, and except as provided in subparagraph 2 of this paragraph, a Class C or D felon with a sentence of more than five (5) years who is classified by the Department of Corrections as community custody shall serve that term in a county jail in a county in which the fiscal court has agreed to house state prisoners . . .

Ky. Rev. Stat. Ann. § 532.100(4)(c)(1). [*Id.* at 93–94]. The record shows that Plaintiff is classified as Community Custody and as such, Defendants argue that pursuant to KRS § 532.100(4)(c)(1), Plaintiff is required to serve his term in county jail. [*Id.* at 94]. Third, Defendants argue that

---

[3] Defendants note that the Sixth Circuit has recognized, "problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts." *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997). [DN 20 at 93].

Plaintiff does not have a constitutional right to be housed in a certain facility. *Id. Williams v. Campbell*, 44 F. App'x 693, 695 (6th Cir. 2002) (providing that prisoners have "no constitutional right to be confined in a particular institution"); *see also LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) ("Absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed."). Finally, Defendants argue that because Plaintiff is no longer housed at the Fulton County Detention Center, his claims for injunctive relief against White and Johnson (both employees of KDOC), are now moot. *Id.*

In response to Defendants' motion to dismiss, Plaintiff argues that despite what Defendants contend, pursuant to KRS § 532.100 Plaintiff is not actually required to serve his term in a county jail; the jail is required to offer programs that hearing impaired individuals like Plaintiff can participate in; state prisoners are to receive necessary medical treatment and care; and even though Plaintiff is housed in a county jail, he is considered to be a state prisoner. [DN 22 at 100]. Therefore, Plaintiff argues Defendants' motion should be denied. *Id.* In reply, Defendants point out that these are all claims against the Fulton County Detention Center, based upon what the jail is required to provide, not claims against Defendants White and Johnson who are employees of KDOC. [DN 24 at 194]. Additionally, Defendants emphasize the fact that the Fulton County Detention Center is not a KDOC Adult Institution; and the terms of the Adams Settlement Plaintiff refers to apply to "KDOC Adult Institutions"—the only institutions which KDOC has control and the only institutions KDOC may obligate to comply with the settlement agreement signed by KDOC. [*Id.* at 193; DN 23-2 at 155 (Settlement Agreement)]. Thus, Defendants argue that KDOC has no authority over Fulton County Detention Center, Plaintiff does not have a constitutional right to be housed in a certain facility, and Plaintiff's claims for injunctive relief were rendered moot when he was transferred to a different facility on November 4, 2020. Therefore, all claims against

Defendants White and Johnson should be dismissed because Plaintiff has failed to state a claim upon which relief may be granted. [DN 24 at 195]. The Court agrees with Defendants.

As the Court previously acknowledged, Plaintiff does not seek monetary damages at all, but rather he requests only injunctive relief. [DN 1]. In fact, the only claim against Defendants White and Johnson is for injunctive relief wherein Plaintiff requests that the Court order KDOC to transfer him from Fulton County Detention Center to a KDOC prison. While a claim for monetary damages may survive beyond an inmate plaintiff's transfer from one facility to another, an inmate's claim for declaratory or injunctive relief becomes moot when he or she is transferred away from the institution where the underlying complaint arose. Defendants correctly point this out in their motion to dismiss, and Sixth Circuit precedent on the matter is clear. *See Johnson v. Huff*, No. 3:19-CV-0003-GFVT, 2019 WL 1645210, at *2 (E.D. Ky. Apr. 16, 2019) (discussing *e.g., Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (finding that the inmate's facility transfer mooted his request for injunctive relief where the inmate's claims were directed specifically towards his prior facility's policies and procedures); *and Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("However, to the extent [the plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that [allegedly violated his constitutional rights]")). Therefore, the Court finds that Plaintiff's claim for injunctive relief against Defendants White and Johnson is moot. Accordingly, the Court holds that Plaintiff's Compliant fails to state a claim against White and Johnson upon which relief can be granted. Thus, Defendants Motion to Dismiss, [DN 20], must be granted, and Plaintiff's claims for injunctive relief against Defendants shall be dismissed.

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Defendant Kelli Elliott's Motion for Summary Judgment, [DN 17], is **GRANTED**, and Defendants Randy White and Sarah Johnson's Motion to Dismiss, [DN 20], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for injunctive relief is **DISMISSED as moot**.

**IT IS SO ORDERED.**

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

July 1, 2021

CC: Counsel of Record